1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Claude M. Stern (Bar No. 96737)
2    claudestern@quinnemanuel.com
   Margret M. Caruso (Bar No. 243473)
3    margretcaruso@quinnemanuel.com
   Bobbie Eftekar (Bar No. 240102)
4    bobbieeftekar@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
5  Redwood Shores, California 94065-2139
   Telephone:   (650) 801-5000
6  Facsimile:   (650) 801-5100

7  Attorneys for NexTag, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| Louis Vuitton Malletier S.A., | CASE NO. 3:07-cv-03763-MMC |
|---|---|
| Plaintiff, | **NEXTAG INC.'S ANSWER AND DEMAND FOR JURY TRIAL** |
| vs. | |
| NexTag, Inc., *et al.* | |
| Defendants. | |

Defendant NexTag, Inc. ("NexTag") hereby answers Plaintiff Louis Vuitton Malletier, S.A.'s ("Louis Vuitton") Complaint as follows:

1. Admits that Louis Vuitton purports to state a claim for trademark infringement, contributory and vicarious liability for trademark infringement, and contributory and vicarious liability for copyright piracy.

2. Admits that, as pled, this Court may exercise jurisdiction over those claims.

3. Admits that it does business in the State of California. Denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Admits for purposes of this action only that venue is permitted in this Court, but denies the implication that this venue is the most convenient for this action.

5. Denies the allegation contained in paragraph 5 of the Complaint.

6. Denies the allegation contained in paragraph 6 of the Complaint.

7. Admits NexTag received notification from Louis Vuitton asserting that NexTag was violating Louis Vuitton's intellectual property rights. Denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegation that NexTag is selling infringing goods and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Denies that NexTag is a California corporation. Admits that NexTag's principal office is located in San Mateo, California and that it does business using the trademarks, names and website addresses www.nextag.com and www.calibex.com. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint.

27. The Federal Rules of Civil Procedure do not allow for Doe defendants. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Admits that NexTag operates a comparison shopping site and that online retailers pay for traffic that originates from NexTag's website. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Complaint.

29. Admits that NexTag provides certain information about commercial offers, that users can use a directory or search feature, that users will often be presented with a listing of offers, and that NexTag earns a "pay per click" commission from offers clicked to through its site.

1 Denies knowledge or information sufficient to form a belief as to the truth of the remaining
2 allegations contained in paragraph 29 of the Complaint.

3       30. Denies the allegations contained in paragraph 30 of the Complaint.

4       31. Denies the allegation that NexTag "promotes its services to online
5 counterfeiters." Admits that NexTag advertises its comparison shopping service and purchases
6 relevant keywords from certain online search engines, including the keywords "Louis Vuitton"
7 and "replica." Denies knowledge or information sufficient to form a belief as to the truth of the
8 remaining allegations contained in paragraph 31 of the Complaint.

9       32. Admits that Louis Vuitton has given NexTag notice asserting infringing
10 activities occurred and admits that NexTag's terms of use make it a violation to use its services to
11 sell infringing merchandise. Denies the remaining allegations contained in paragraph 32 of the
12 Complaint.

13       33. Denies the allegations contained in paragraph 33 of the Complaint.
14       34. Denies the allegations contained in paragraph 34 of the Complaint.
15       35. Denies the allegations contained in paragraph 35 of the Complaint.

16 **FIRST CLAIM FOR RELIEF**

17       36. In answer to Paragraph 36, incorporates its responses to Paragraphs 1-35,
18 inclusive, as though fully stated herein.

19       37. Denies knowledge or information sufficient to form a belief as to the truth
20 of the allegations contained in paragraph 37 of the Complaint.

21       38. Denies the allegations contained in paragraph 38 of the Complaint.
22       39. Denies the allegations contained in paragraph 39 of the Complaint.
23       40. Denies the allegations contained in paragraph 40 of the Complaint.
24       41. Denies the allegations contained in paragraph 41 of the Complaint.

25 **SECOND CLAIM FOR RELIEF**

26       42. In answer to Paragraph 42, incorporates its responses to Paragraphs 1-41,
27 inclusive, as though fully stated herein.

28       43. Denies the allegations contained in paragraph 43 of the Complaint.

44. Admits Louis Vuitton's counsel sent notice to NexTag asserting infringing activities occurred, but denies the remaining allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint.

46. Denies the allegations contained in paragraph 46 of the Complaint.

47. Denies the allegations contained in paragraph 47 of the Complaint.

48. Denies the allegations contained in paragraph 48 of the Complaint.

49. Denies the allegations contained in paragraph 49 of the Complaint.

### THIRD CLAIM FOR RELIEF

50. In answer to Paragraph 50, incorporates its responses to Paragraphs 1-49, inclusive, as though fully stated herein.

51. Denies the allegations contained in paragraph 51 of the Complaint.

52. Denies the allegations contained in paragraph 52 of the Complaint.

53. Denies the allegations contained in paragraph 53 of the Complaint.

54. Denies the allegations contained in paragraph 54 of the Complaint.

### FOURTH CLAIM FOR RELIEF

55. In answer to Paragraph 55, incorporates its responses to Paragraphs 1-54, inclusive, as though fully stated herein.

56. Admits that NexTag earns a "pay per click" commission for traffic directed to websites through NexTag's site; admits that NexTag's terms of use set forth conditions for revenue to be paid to it, and admits that NexTag's terms of use permit it to discontinue links to websites offering products infringing the rights of third parties. Denies the remaining allegations contained in paragraph 56 of the Complaint.

57. Admits Louis Vuitton's counsel sent notice to NexTag asserting infringing activities occurred, but denies the remaining allegations contained in paragraph 57 of the Complaint.

58. Denies the allegations contained in paragraph 58 of the Complaint.

59. Denies the allegations contained in paragraph 59 of the Complaint.

60. Denies the allegations contained in paragraph 60 of the Complaint.

## AFFIRMATIVE DEFENSES

Without undertaking any burden it does not otherwise bear, NexTag asserts the affirmative defenses set forth below. NexTag has not completed its investigation and discovery regarding the facts and claims asserted by Louis Vuitton. Accordingly, NexTag reserves the right to allege other affirmative defenses as they become known during such ongoing investigation and discovery, and hereby reserves the right to amend its answer to allege such affirmative defenses at a later time.

## FIRST AFFIRMATIVE DEFENSE

61. Louis Vuitton's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

62. Louis Vuitton's claims or recovery thereon are barred, in whole or in part, because the claims were brought after the expiration of the relevant statute(s) of limitations.

## THIRD AFFIRMATIVE DEFENSE

63. Louis Vuitton's claims or recovery thereon are barred, in whole or in part, because it has a plain, common, adequate, and speedy remedy at law. The equitable claims alleged in the Complaint are thus barred.

## FOURTH AFFIRMATIVE DEFENSE

64. Louis Vuitton's claims or recovery thereon are barred, in whole or in part, under the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

65. Louis Vuitton's claims or recovery thereon are barred, in whole or in part, under the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

66. Louis Vuitton's claims or recovery thereon are barred, in whole or in part, under the doctrine of waiver.

///
///

**SEVENTH AFFIRMATIVE DEFENSE**

67. Louis Vuitton's claims or recovery thereon are barred, in whole or in part, under the doctrine of acquiescence.

**EIGHTH AFFIRMATIVE DEFENSE**

68. Louis Vuitton's claims or recovery thereon are barred, in whole or in part, because NexTag's actions constitute fair use.

**NINTH AFFIRMATIVE DEFENSE**

69. Louis Vuitton's claims or recovery thereon are barred, in whole or in part, because NexTag's actions constitute nominative use.

**TENTH AFFIRMATIVE DEFENSE**

70. Louis Vuitton's claims or recovery thereon are barred, in whole or in part because NexTag has not engaged in any willful conduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

71. Louis Vuitton's claims or recovery thereon are barred, in whole or in part, because Louis Vuitton has suffered no damage.

**TWELFTH AFFIRMATIVE DEFENSE**

72. Louis Vuitton is not entitled to recover punitive damages or exemplary damages because it has failed to allege facts sufficient to state a claim for such damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

73. Louis Vuitton's claims or recovery thereon are barred, in whole or in part, because NexTag is not responsible for the actions of online retailers who infringed Louis Vuitton's rights.

**FOURTEENTH AFFIRMATIVE DEFENSE**

74. Louis Vuitton's claims or recovery thereon are barred, in whole or in part, because there is no special relationship between NexTag and its customers such that NexTag would be liable for the acts of its customers.

///

///

-7-   Case No. 3:07-cv-03763-MMC

**FIFTEENTH AFFIRMATIVE DEFENSE**

75. Louis Vuitton's claims or recovery thereon are barred, in whole or in part, because the actions challenged by Louis Vuitton are protected by the First Amendment of the United States Constitution, and the claims and relief sought by the Complaint seek to impermissibly abridge that freedom.

**SIXTEENTH AFFIRMATIVE DEFENSE**

76. Louis Vuitton's claims or recovery thereon are barred, in whole or in part, because and/or to the extent it failed to mitigate its alleged damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

77. Louis Vuitton's claims or recovery thereon are barred, in whole or in part, because if granted relief, it will be unjustly enriched.

WHEREFORE, NexTag prays for judgment as follows:

1. That Louis Vuitton takes nothing by way of its Complaint;

2. That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice.

3. That NexTag be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

4. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

NexTag respectfully demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on any and all issues for which it is entitled to a trial by jury.

DATED: October 29, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Margret M. Caruso
Margret M. Caruso
Attorneys for NexTag, Inc.