**J. Andrew Coombs, A Prof. Corp.**
J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Annie S. Wang (SBN 243027)
annie@coombspc.com
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:    (818) 500-3200
Facsimile:    (818) 500-3201

Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
Claude M. Stern (Bar No. 96737)
claudestern@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Bobbie Eftekar (Bar No. 240102)
bobbieeftekar@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California  94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Attorneys for Defendant NexTag, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Louis Vuitton Malletier, S.A.,<br><br>        Plaintiff,<br>   v.<br><br>NexTag, Inc., et al.<br><br>        Defendants. | Case No.: 3:07-cv-03763-MMC<br><br>JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER<br><br>Conference Date: November 30, 2007<br>Time:                  10:30 a.m.<br>Court:                 Hon.  Maxine M. Chesney |

The parties to the above-entitled action submit this Joint Case Management Statement and request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil L.R. 16-10(b).

LV v. NexTag, et al.:  Joint Case Management Statement        - 1 -

Case 3:07-cv-03763-MMC   Document 18   Filed 11/19/2007   Page 2 of 7

## JOINT CASE MANAGEMENT STATEMENT

1.  Jurisdiction and Venue

The claims alleged herein arise under the Trademark Act, 15 U.S.C. § 1051, et seq., and under the Copyright Act of 1976, 17 U.S.C. § 101, et seq., for (i) infringement of trademarks registered in the United States Patent and Trademark Office, (ii) contributory and vicarious liability for counterfeiting; and (iii) contributory and vicarious liability for copyright piracy. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 and 1338. This Court has personal jurisdiction over the Defendant because it does business and is incorporated, and/or is authorized to do business in the State of California. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The named defendant has been served and filed an Answer to the Complaint.

2.  Facts

Plaintiff Louis Vuitton Malletier, S.A. ("Plaintiff" or "Louis Vuitton") seeks money damages and injunctive relief against Defendant NexTag, Inc. ("Defendant" or "NexTag") for what Plaintiff contends was NexTag's promoting and advertising the sale counterfeit and infringing merchandise bearing unauthorized reproductions of Plaintiff's intellectual properties and for contributing to the further promotion, distribution and sale of such merchandise by third-party merchants. In particular, Plaintiff alleges that Defendant aids and abets the distribution and sale of counterfeit and infringing merchandise by providing comparison of online sellers of Louis Vuitton counterfeit and infringing merchandise. Plaintiff contends NexTag does so with knowledge by advertising Internet users' ability to compare offers of so-called "replica" product. Plaintiff contends NexTag's advertising in support of its comparisons service consists of: (1) diversion traffic to its website using advertising which embodies the Louis Vuitton trademarks, (2) routing Internet traffic to websites selling counterfeit, piratical and infringing merchandise. Plaintiff further contends NexTag's infringements were willful insofar as it failed to discontinue the infringing offers and activity despite written notice to do so.

LV v. NexTag, et al.: Joint Case Management Statement         - 2 -

Defendant NexTag is an internet service provider that operates a shopping-oriented search engine and website that allows users to search or browse for advertisements for products and services offered for sale by third-party merchants. Thousands of third party merchants include advertisements for millions of products and services on NexTag's sites, ranging from baby cribs to flowers, food baskets, kitchen supplies, office products, sports equipment, and video games, to mortgages, travel services, and online degrees. By clicking on hyperlinked listings, consumers leave the NexTag site and access the merchants' websites, where the consumers may take advantage of whatever features the merchant makes available, such as reviewing and comparing product information, reading customer reviews of products and services, purchasing listed products and services or otherwise engaging with the merchant. NexTag contends that it does not have any control over the content or features of the third-party merchants' websites or the products or services offered for sale by the third-party merchants. NexTag contends that it cannot prevent a third-party merchant from selling a particular product or from including particular content or features on its website. NexTag contends that it does not sell any of the products or services that merchants advertise on its site, inventory them, or ship or otherwise provide them to consumers. As a practical matter, NexTag states that it cannot manually review each of the millions of products and services listed on its site by third parties.

NexTag contends it was unaware of the listings of any counterfeit Louis Vuitton merchandise or merchandise bearing unauthorized reproductions of Plaintiff's intellectual properties before receiving notice from Louis Vuitton earlier this year. After receiving Louis Vuitton's notice alleging infringing merchandise was listed on its site, and investigating those allegations, NexTag contends that it expended considerable time and effort attempting to remove all listings of handbags and accessories described in any was as "Louis Vuitton" from its site. NexTag has not removed from its site listings of books about Louis Vuitton, which Louis Vuitton has not asserted infringe its intellectual property rights. NexTag contends that it has not directly, contributorily, vicariously, or willfully infringed any of Louis Vuitton's intellectual property.

Further, NexTag asserts that any alleged use of the Louis Vuitton marks in advertising constitutes nominative fair use.

    3.    <u>Principal Legal Issues in Dispute</u>

The principal legal issues in dispute relate to the degree of Defendant's responsibility for third party actions and Defendant's control and knowledge regarding those actions.

    4.    <u>Motions</u>

Plaintiff believes a motion for summary judgment as to liability and/or entry of a preliminary injunction may be appropriate. Defendant believes a motion for partial or complete summary judgment as to liability may be appropriate.

    5.    <u>Additional Parties</u>

The Parties do not, at this time, contemplate the amendment of pleadings for any reason, including the addition of new parties, but they acknowledge that information disclosed in discovery may make addition of new defendants prudent and a more efficient use of the Court's resources. However, the Parties agreed that an additional 90 days from the date of the case management conference to amend the pleadings is appropriate.

    6.    <u>Evidence Preservation</u>

The Parties indicated that each corporate party has policies designed to preserve relevant materials. The Parties agree that they need not undertake any additional measures beyond their current policies to preserve electronic evidence.

    7.    <u>Disclosures</u>

The Parties agree that disclosures under Rule 26(a)(1) will be made on or before the case management conference.

    8.    <u>Discovery</u>

The Parties do not believe that discovery should be conducted in phases, or limited to certain issues and have agreed to exchange initial disclosures by November 30, 2007.

The Parties anticipate propounding written discovery and taking depositions, if necessary.

    9.    <u>Class Actions</u>

Not applicable.

10. Relief

There are no related cases or proceedings to report.

11. Relief

Plaintiff contends it may elect statutory or actual damages but is not prepared to make that election at this time. Plaintiff may elect statutory damages under the Copyright Act which entitles it to as much as $150,000 for each copyright willfully infringed upon and actual damages (either damages to plaintiff or Defendant's lost profits) under the Trademark Act which may be trebled should willfulness be proved. Plaintiff also seeks its attorneys fees under the Copyright Act and Trademark Act. In any event, Plaintiff will seek entry of a permanent injunction.

12. Settlement and ADR

The Parties have discussed settlement before and during their early meeting. The Parties propose a settlement conference before the magistrate judge but note that any alternative dispute option would be more constructive after certain disclosures and/or discovery has been completed.

13. Consent to Magistrate Judge for All Purposes

The Parties do not consent to assignment of this case to a United States Magistrate Judge.

14. Other References

The Parties agree this case is not suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict

15. Narrowing of Issues

Not applicable.

16. Expedited Schedule

The Parties agree this is not the type of case that can be handled on an expedited basis.

17. Scheduling

The parties propose that all documents will be produced by May 22, 2008.

The parties propose that privilege logs will be exchanged by June 13, 2008.

The parties propose a discovery cutoff date of July 23, 2008.

The parties propose that the party with the burden on any issue shall designate experts by August 15, 2008.

The parties propose that rebuttal experts will be designated by October 1, 2008.

The parties propose the expert discovery cut-off date of October 29, 2008.

The parties propose a final motion cutoff date of January 9, 2009.

The parties propose a pretrial conference date of February 2, 2009.

The parties propose a trial date of February 16, 2009.

18. Trial Estimate

The Parties have requested trial by jury. They estimate a trial of approximately five (5)-six (6) court days.

19. Disclosure of Non-party Interested Entities or Persons

Plaintiff states that pursuant to Civil Local Rule 3-16, as of this date, there are no other interests involved other than the named parties.

Defendant states that Pursuant to Civil L.R. 3-16, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Providence Equity Partners VI L.P.; Providence Equity Partners VI-A.L.P.; Morgenthaler Venture Partners V, L.P.

/ / /

/ / /

/ / /

/ / /

20. **Other Issues**

The parties did not identify any other issues affecting case management.

Dated: November 19, 2007          J. Andrew Coombs, A Professional Corp.


By:   /s/ J. Andrew Coombs
    J. Andrew Coombs
    Annie S. Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.


Dated: November 19, 2007          Quinn Emanuel Urquhart Oliver & Hedges, LLP


By:   /s/ Claude M. Stern
    Claude M. Stern
    Margret M. Caruso
    Bobbie Eftekar
Attorneys for Defendant NexTag, Inc.


PURSUANT TO STIPULATION, IT IS SO ORDERED:


Dated:

Hon. Maxine M. Chesney
United States District Judge, Northern District of California