**J. Andrew Coombs, A Prof. Corp.**
J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Annie S. Wang (SBN 243027)
annie@coombspc.com
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:     (818) 500-3200
Facsimile:      (818) 500-3201

Attorneys for Plaintiff Louis
Vuitton Malletier, S.A.

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
Claude M. Stern (Bar No. 96737)
claudestern@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Bobbie Eftekar (Bar No. 240102)
bobbieeftekar@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Attorneys for Defendant NexTag, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Louis Vuitton Malletier, S.A., | Case No.: 3:07-cv-03763-MMC |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| v. | |
| NexTag, Inc., et al. | |
| Defendants. | |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public disclosure

and from use for any purpose other than prosecuting this litigation would be warranted.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

all disclosures or responses to discovery and that the protection it affords extends only to the

LV v. Nextag, et al.: Stipulation and [Proposed] Protective Order        - 1 -

limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, *infra*, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.    DEFINITIONS

2.1    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7    <u>Designating Party</u>: a party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## 4.     DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  After the final termination of this action, this court shall retain jurisdiction to enforce the terms of this protective order.

## 5.   **DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or oral or written communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited, as are designations made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties).

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a), *infra*), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level

of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available

for inspection need not designate them for protection until after the inspecting Party has indicated

which material it would like copied and produced.  During the inspection and before the

designation, all of the material made available for inspection shall be deemed "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

documents it wants copied and produced, the Producing Party must determine which documents, or

portions thereof, qualify for protection under this Order, then, before producing the specified

documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains

Protected Material.  If only a portion or portions of the material on a page qualifies for protection,

the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

markings in the margins) and must specify, for each portion, the level of protection being asserted

(either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)      for testimony given in deposition or in other pretrial or trial

proceedings, such testimony may be designated in whole or in part, as "CONFIDENTIAL" or

"CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information by (i) oral designation on the

record, in which case the person making the designation shall instruct the Court Reporter to bind

the "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" portion

of the deposition transcript separately and to stamp the words "CONFIDENTIAL" or

"CONFIDENTIAL-ATTORNEYS' EYES ONLY," as appropriate, on each transcript page so

designated; or (ii) by written notice of such designation sent by counsel to all parties within twenty

(20) days after receipt by designating counsel of the transcript of the deposition.  The parties shall

treat all testimony as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" hereunder until

the expiration of twenty (20) days after the deposition transcript becomes available to counsel.  If

any document or information designated as "CONFIDENTIAL" and "HIGHLY

CONFIDENTIAL-ATTORNEYS' EYES ONLY" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access shall be limited pursuant to the other terms of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order and must make reasonable efforts to assure that individuals, if any, to whom disclosure was made sign the "Agreement to Be Bound by Protective Order."  However, disclosure by the Receiving Party before untimely designation by the Designating Party shall not be a violation of this Order.

5.4     Inadvertent Production of Documents.  Inadvertent production of any document produced in response to discovery requests in this action by any Party or non-party, that

a Party or non-party later claims should have been withheld on grounds of a privilege, including but not limited to the work product doctrine (collectively the "Inadvertently Produced Privileged Documents") will not be deemed to waive any privilege, including but not limited to work product protection.  A Party or non-party may request the return of any document that it or a non-party produced by identifying the Inadvertently Produced Privileged Documents and stating the legal basis for withholding such document from production in writing to all parties upon whom the Inadvertently Produced Privilege Documents were served, within ten business days of discovery of the inadvertent production.  If a Party or non-party requests the return, pursuant to this paragraph, of such Inadvertently Produced Privileged Documents, the possessing parties shall, within seven calendar days, return to the requesting party or non-party all Inadvertently Produced Privileged Documents and shall expunge from any other document or material information derived from the Inadvertently Produced Privileged Document.  A Party may thereafter move to compel production of any such Inadvertently Produced Privileged Documents it has returned, provided that the fact of inadvertent production itself may not be cited as a basis for the motion.

6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging

Party may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process, and at least three business days have elapsed since it first conferred directly with counsel for the Designating Party.

      6.3    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

    **7.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

      7.1    Basic Principles.  A receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, *infra* (FINAL DISPOSITION).

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensure that access is limited to the persons authorized under this Order.

      7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)    the Receiving Party's Outside Counsel of record in this action as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)    the author or recipient of the document or the original source of the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of record in this action as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(b)    House Counsel of a Receiving Party (1) to whom disclosure is reasonably necessary for this litigation; and (2) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A), Each party shall be entitled to designate two (2) such in-house attorneys and shall provide opposing counsel with an executed copy of Exhibit A upon such designation and five (5) business days prior to first disclosure of material so designated to House Counsel. Should any dispute arise with respect to the identity of such house counsel, the parties agree to negotiate in good faith to resolve the dispute. Nothing herein shall prevent a party from seeking a protective order or other relief with respect to disclosure to such house counsel should grounds so exist;

(c)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation; (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and (3) as to whom the procedures set forth in paragraph 7.4, *infra*, have been followed;

(d)    the Court and its personnel;

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f)    the author or recipient of the document or the original source of the information.

7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts".

(a)    Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" must send to the Designating Party (for which email shall be sufficient)(1) identification of the general nature of the HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert; (2) the full name of the Expert and a copy of the Agreement to Be Bound by Protective Order" (Exhibit A) signed by the Expert (3) a copy of the Expert's current resume; (4) the identity of the Expert's current employer(s); and (5)the identity of each person or entity from whom the Expert has provided professional services at any time during the preceding five years.

        (b)    A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

        (c)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and sets forth the reason advanced by the Designating Party for its refusal to approve the disclosure.

        In any such proceeding the party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) promptly and in no event more than  five court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  In no event shall the Receiving Party produce any materials in response to any subpoena or court order until such notice has been provided.

The Receiving Party also must  promptly inform in writing the Party who caused the subpoena to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

In the event the Designating Party files a motion for protective order to quash the subpoena, the subpoenaed party shall not produce any Protected Material in response to the subpoena without the prior written consent of the producing party or non-party unless (1) an order of a court of competent jurisdiction has issued requiring production, (2) the Designating Party's motion is withdrawn or denied and the time for an appeal or writ challenging the denial has expired, or (3) a failure to produce such Confidential or Highly Confidential Information would, in the judgment of the subpoenaed party, constitute a violation of any law, rule or regulation.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person(s) to execute the "Agreement to Be Bound by Protective Order" (Exhibit A).

**10.     FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**11.     FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final determination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Produced Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,

even if such material contains Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), *supra*.

### 12.    MISCELLANEOUS

12.1    <u>Right to Further Relief</u>.  Nothing in this order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or any item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February 29, 2008                 J. Andrew Coombs, A Prof. Corp.

By:  ____/s/ J. Andrew Coombs_____
       J. Andrew Coombs
       Annie S. Wang
       Attorneys for Plaintiff Louis Vuitton
       Malletier, S.A.

DATED: February 29, 2008                 Quinn Emanuel Urquhart Oliver & Hedges, LLP

By:  _____/s/ Claude M. Stern_____
       Claude M. Stern
       Margret M. Caruso
       Bobbie Eftekar
       Attorneys for Defendant NexTag, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: ____February 29_____, 2008

Hon. Maxine M. Chesney
United States District Judge

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____,

of _____, declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Northern District of California on

_____, 2008, in the case of *Louis Vuitton Malletier, S.A. v. NexTag, Inc., et al.*,

Case No. CV07-3763 MMC.  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order, and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ _____ of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature:     _____

LV v. Nextag, et al.:  Stipulation and [Proposed] Protective Order     - 15 -