QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Margret M. Caruso (Bar No. 243473)
  margretcaruso@quinnemanuel.com
  Bobbie Eftekar (Bar No. 240102)
  bobbieeftekar@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  Stacy M. Monahan (Bar No. 218942)
  stacymonahan@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for NexTag, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Louis Vuitton Malletier S.A.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NexTag, Inc.,<br><br>　　　　Defendants. | CASE NO. 3:07-cv-03763-MMC<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Magistrate Judge Pursuant To The Court's Standing Order]**<br><br>NEXTAG, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF LOUIS VUITTON MALLETIER S.A.; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[Declaration of Margret Caruso filed concurrently herewith]<br><br>Hearing Date: May 20, 2008<br>Time:　　　　TBD<br>Place:　　　　TBD<br><br>Discovery Cut-Off:　　July 23, 2008<br>Pre-Trial Conference: February 3, 2009<br>Trial Date:　　　　February 17, 2009 |

1

2  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that, at a hearing before a Magistrate Judge of the United States
4  District Court of the Northern District of California, on May 20, 2008 or such date as determined
5  by the assigned Magistrate Judge, at a time and place to be determined by the assigned Magistrate
6  Judge, defendant NexTag, Inc. ("NexTag") will, and hereby does, move the Court for an order
7  compelling Louis Vuitton Malletier S.A ("Louis Vuitton") to appear for deposition in the
8  jurisdiction in which it filed suit.

9      This Motion is made pursuant to Federal Rules of Civil Procedure 30 and 37 on the
10 grounds that Louis Vuitton has crucial knowledge relating to a variety of its claims and NexTag's
11 defenses, including the nature and basis of its claims against NexTag, Louis Vuitton's efforts to
12 protect its trademarks, and information related to Louis Vuitton's investigation of NexTag in
13 listing products allegedly related to Louis Vuitton products. NexTag noticed the deposition of
14 Louis Vuitton under Federal Rule of Civil Procedure 30(b)(6) on February 19, 2008, in the
15 Northern District of California, the jurisdiction in which Louis Vuitton filed suit. In a conference
16 call on February 27, 2008 with Louis Vuitton's counsel, Louis Vuitton refused to produce its
17 witness or witnesses in California, demanding instead that NexTag travel to New York to conduct
18 the depositions. The parties have met and conferred on this issue on multiple occasions, and Louis
19 Vuitton refuses to change its position, forcing NexTag to file this Motion.

20     This Motion is based on this Notice of Motion and Motion, the accompanying
21 Memorandum of Points and Authorities, and the Declaration of Margret M. Caruso filed
22 concurrently herewith, the records and files of this matter, and all other matters of which the
23 Magistrate Judge may take judicial notice.

24
25
26
27
28

51266/2469098.2

-2-

Case No. 3:07-cv-03763-MMC
NexTag Inc.'s Motion to Compel

**Statement of Rule 37-1 Compliance**

The parties met and conferred regarding this motion on February 27, 2008 and multiple times thereafter up to and including April 14, 2008.

DATED: April 14, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/Margret M. Caruso
Margret M. Caruso
Attorneys for NexTag, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

In July 2007, plaintiff Louis Vuitton Malletier S.A ("Louis Vuitton") filed suit against NexTag, Inc. ("NexTag") in the Northern District of California alleging trademark infringement, as well as contributory and vicarious trademark and copyright infringement. Louis Vuitton is a multi-national corporation headquartered in Paris, France. Louis Vuitton chose to bring suit in the Northern District of California. Louis Vuitton's counsel is located in California. Both NexTag and its counsel are located in California. Louis Vuitton has five stores in the Northern District of California alone, and a total of 19 stores throughout California. However, Louis Vuitton refuses to produce its witnesses in California, and demands that NexTag travel at its own expense to New York for the depositions of 30(b)(6) witnesses. Louis Vuitton has acknowledged that the sole benefit to Louis Vuitton is a shorter airplane flight for its witnesses.

Relevant case law, which NexTag's counsel has provided to counsel for Louis Vuitton, clearly requires the plaintiff to make itself available in the jurisdiction in which it brought suit. Nonetheless, Louis Vuitton continues to refuse to produce its witnesses in California. NexTag therefore asks the Court to require Louis Vuitton to produce its witnesses in the jurisdiction in which it chose to file suit and to bear the expense associated with that production.

### Factual Background

This Court's Scheduling Order mandates that all non-expert discovery be completed by July 23, 2008. The parties have mediation scheduled on June 4, 2008 before Magistrate Judge Joseph C. Spero, with the parties' mediation submissions due May 21, 2008. To accomplish its discovery prior to these deadlines, NexTag served a notice of deposition of Louis Vuitton per FRCP 30(b)(6) on February 19, 2008. Counsel for both parties met and conferred on February 27 in a telephone call discussing various discovery issues, including the deposition of Louis Vuitton's witnesses. Declaration of Margret Caruso in support of NexTag's Motion to Compel, filed concurrently with this Motion ("Caruso Decl."), ¶ 2. Louis Vuitton refused to produce its witnesses in California, citing the inconvenience of travel from its headquarters in Paris to California and its belief that a corporate entity should be deposed at its principal place of

business. *Id.* Louis Vuitton suggested that the depositions instead take place in New York. *Id.* Notably, Louis Vuitton has a considerable presence in California, with five stores in the Northern District of California alone, and a total of 19 stores throughout the state. *See* Declaration of Stacy Monahan in Support of Motion to Shorten Time to Hear Motion to Compel Deposition of Louis Vuitton Malletier S.A., filed concurrently with this Motion ("Monahan Decl."), ¶ 2. Following continued discussion and exchange of case law, Louis Vuitton continued to oppose any deposition location other than New York. In a letter dated March 28, Louis Vuitton stated that the proffered New York deposition would be "at Louis Vuitton's sole expense." Caruso Decl., ¶¶ 3-7, Ex. 4. NexTag interpreted this statement as an offer to pay NexTag's expenses relating to a New York deposition. Caruso Decl., ¶ 8. In an attempt to save all parties and this Court the expense of a motion to compel, NexTag agreed on April 10 to travel to New York for the deposition, with Louis Vuitton paying for all related costs. *Id.* Louis Vuitton refused this offer, informing NexTag the next day that NexTag had misunderstood Louis Vuitton's letter, and Louis Vuitton was willing only to pay *its own* costs related to a New York deposition. Caruso Decl., ¶ 9. NexTag filed this Motion on April 14.

   NexTag's costs associated with deposing Louis Vuitton's 30(b)(6) witness in New York would be considerable. Louis Vuitton still has not informed NexTag how many witnesses it will produce, but even assuming a one day deposition of only one witness, NexTag will be forced to incur several thousand dollars in out of pocket expenses. NexTag would send two attorneys to New York, requiring two nights hotel for two people, a cost of at least $2,000 including all taxes. NexTag would also have to pay the first class airfare to New York for two attorneys, costing approximately $11,000 roundtrip, as well as miscellaneous expenses such as taxis and meals. The travel expenses will easily exceed $13,000 to NexTag, especially if Louis Vuitton produces more than one 30(b)(6) witness. This estimate does not include the additional time that two attorneys will need to bill to fly cross-country round-trip for this deposition.

**Argument**

Federal courts in the Ninth Circuit have uniformly held that a corporate plaintiff must produce its witnesses in the jurisdiction where it filed suit. *See Lexington Ins. Co. v. Commonwealth Ins. Co.*, Case No. C98-3477 CRB (JCS), 1999 WL 33292943, *8-9 (N.D. Cal. September 17, 1999); *see also U.S. v. Alan Ritchey, Inc.*, Case No. No. C00-2191 TSZ, 2008 WL 859458 (W.D.Wash. February 27, 2008).

In *Lexington Ins. Co. v. Commonwealth Ins. Co.*, plaintiff filed suit in the Northern District of California, San Francisco, but refused to produce its designated 30(b)(6) witnesses, who were located in London and Houston, in this jurisdiction. Defendant filed a motion to compel production of those witnesses in San Francisco. The court granted the motion, holding that "as a general rule, 'plaintiff will be required to make himself or herself available for examination in the district in which suit was brought.' This rule is also applicable to plaintiff's agents and employees." *Lexington Ins. Co.* at *8-9 (citing *Wright & Miller, Federal Practice & Procedure*, § 2112 at 75). *Lexington* also reviewed the bases for the rule requiring a plaintiff to produce its witnesses in the jurisdiction in which it filed suit. The *Lexington* court noted that the rule "permits predictability in prospective litigation," and that it "pragmatically permits the trial court to resolve disputes which may take place during the course of depositions without undue expenditure of time." Finally, the *Lexington* court considered and rejected the plaintiff's argument that because the plaintiff was legally required to file suit where the defendant was based, it was not a "choice" and plaintiff should not be required to produce its witnesses where it filed suit. *Lexington Ins. Co.* at *9.[1] This rejected argument is the same one Louis Vuitton has offered here. (*See* Caruso Decl., Ex. 1, pp. 1-2)

---

[1] In *U.S. v. Alan Ritchey, Inc,* the court followed an even harder line, stating, "Ordinarily, a plaintiff must make him--or herself available for examination in the district in which he or she has brought suit; having selected the forum, the plaintiff will not be heard to complain about having to appear there for deposition." *U.S. v. Alan Ritchey, Inc.*, Case No. No. C00-2191 TSZ, 2008 WL 859458, *1 (W.D. Wash., February 27, 2008). The only conditions under which the court would consider not requiring the plaintiff to present itself in the forum for deposition were demonstrated
(footnote continued)

In its communications with NexTag, Louis Vuitton did not reference a single case in which a court upheld a plaintiff's refusal to travel to the forum state for depositions. –Louis Vuitton cited two cases from district courts in the Seventh Circuit, each of which discussed the depositions of corporate *defendants*, not plaintiffs, and are therefore inapplicable to these facts. Caruso Decl., Ex. 1, p. 1. (Citing *Sears v. American Entertainment Group*, 1995 U.S. Dist. LEXIS 1754 (N.D. Ill. Feb. 10 1995), *Custom Form Manufacturing, Inc. v. Omron Corp.*, 196 F.R.D. 333 (N.D. Ind. 2000)). The only case cited by Louis Vuitton involving the deposition of a plaintiff, *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 635 (C.D. Cal. 2005), actually supports NexTag's position and required the plaintiff to travel to California for deposition. The *Cadent* court required the plaintiff to send its witnesses from Israel and New Jersey to California for depositions, based on the overall convenience of the parties.

Here, convenience clearly favors holding the depositions in California because Louis Vuitton's witnesses are in Paris. Louis Vuitton will incur intercontinental flight times and expenses for its witnesses whether the depositions are in New York or California. However, if the depositions are held in New York, not only Louis Vuitton's witnesses must fly to New York, but its counsel as well as NexTag's.

Moreover, it constitutes a significant hardship to NexTag to conduct the depositions of Louis Vuitton's witnesses in New York. Just one deposition will cost NexTag over $13,000 in out-of-pocket expenses alone. *See supra.*, p. 2. Unlike Louis Vuitton, NexTag is a small company with only one office in this country – in San Mateo, California. In contrast, Louis Vuitton has 19 stores in California. Louis Vuitton filed suit in California, and its own counsel is based in California. Thus, the burden of having the deposition held outside of California are disproportionately heavy on NexTag. Louis Vuitton was aware of the expense of conducting litigation in California when it filed suit against NexTag, and it cannot be allowed to shift its

---

claims of "hardship or financial burden." *Id.* Louis Vuitton has not and cannot make such a claim of financial hardship or burden.

expenses to NexTag. Moreover, the deposition should occur in this judicial district so that this Court can adjudicate any disputes that arise during the deposition.

Because federal case law clearly requires Louis Vuitton to produce its witnesses in the forum in which it brought suit, and because Louis Vuitton can allege no hardship preventing such production, Louis Vuitton should be compelled to produce its witnesses in California.

## Conclusion

For the foregoing reasons, NexTag respectfully requests that its motion be granted in its entirety.

DATED: April 14, 2008            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/Margret M. Caruso
Margret M. Caruso
Attorneys for NexTag, Inc.