QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
    claudestern@quinnemanuel.com
  Margret M. Caruso (Bar No. 243473)
    margretcaruso@quinnemanuel.com
  Bobbie Eftekar (Bar No. 240102)
    bobbieeftekar@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Stacy M. Monahan (Bar No. 218942)
  stacymonahan@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for NexTag, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Louis Vuitton Malletier S.A., <br><br> Plaintiff, <br><br> vs. <br><br> NexTag, Inc., <br><br> Defendants. | CASE NO. 3:07-cv-03763-MMC <br><br> DECLARATION OF MARGRET M. CARUSO IN SUPPORT OF NEXTAG, INC.'S MOTION TO COMPEL DEPOSITION OF LOUIS VUITTON MALLETIER S.A. <br><br> Hearing Date: May 20, 2008 <br> Time: TBD <br> Place: TBD <br><br> Discovery Cut-Off: July 23, 2008 <br> Pre-Trial Conference: February 3, 2009 <br> Trial Date: February 17, 2009 |

51266/2469576.1

Case No. 3:07-cv-03763-MMC
Declaration of Margret M. Caruso in Support of NexTag Inc.'s Motion to Compel

I, Margret M. Caruso, declare as follows:

1. I am a partner in the law firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for defendant NexTag, Inc. ("NexTag") in the above-captioned action. I make this declaration in support of NexTag, Inc.'s Motion to Compel Deposition of Louis Vuitton Mallieter S.A. The statements in this declaration are based upon my personal knowledge, and if called as a witness I could testify competently thereto.

2. On February 27, 2008 I discussed the deposition of Louis Vuitton's 30(b)(6) witnesses with J. Andrew Coombs, counsel for Louis Vuitton. Mr. Coombs took the position that a flight to California was an inconvenience to Louis Vuitton and proposed that the deposition of its 30(b)(6) witnesses take place in New York. Mr. Coombs and I agreed to exchange summaries of our positions and the relevant case law upon which we relied.

3. On March 3, 2008 I again discussed the deposition of Louis Vuitton's 30(b)(6) witnesses with Mr. Coombs. Our positions remained unchanged, and Mr. Coombs again agreed to provide me with the case law on which he relied.

4. On March 11, 2008 I received a letter from Mr. Coombs discussing certain outstanding discovery issues, including the location of the Louis Vuitton 30(b)(6) deposition. A true and correct copy of that letter is attached as Exhibit 1.

5. On March 18, 2008 I sent a letter to Mr. Coombs outlining the case law on which NexTag relied. A true and correct copy of that letter is attached as Exhibit 2.

6. On March 25, 2008 I sent a letter to Mr. Coombs asking him to respond to my letter of March 18. I explained that NexTag would move to compel production of Louis Vuitton's witnesses if I did not receive a response by March 28, 2008. A true and correct copy of that letter is attached as Exhibit 3.

7. On March 28, 2008 I received a letter from Mr. Coombs refusing to produce Louis Vuitton's witnesses in California and stating that he proposed a deposition in New York "at Louis Vuitton's sole expense." A true and correct copy of that letter is attached as Exhibit 4.

8. I telephoned the office of Mr. Coombs on April 10, 2008. Mr. Coombs was unavailable, and I spoke with his associate Nicole Drey. I informed her that NexTag was willing

1  to conduct the depositions in New York at Louis Vuitton's expense, as offered in his letter of
2  March 28. Ms. Drey agreed to convey that information to Mr. Coombs.
3              9.       I again telephoned Mr. Coombs' office on April 11, 2008. Mr. Coombs was
4  again unavailable, and I spoke with Ms. Drey. She informed me that I had misinterpreted his
5  statement that a New York deposition would occur at "Louis Vuitton's sole expense," which she
6  stated meant that Louis Vuitton would only pay for its own expenses. I informed Ms. Drey that
7  the offer remained unacceptable.

9  I declare under penalty of perjury under the laws of the United States that the foregoing is
10 true and correct. Executed this 14th day of April 2008, in Redwood Shores, California.

/s/ _____
Margret M. Caruso