1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    Claude M. Stern (Bar No. 96737)
2    claudestern@quinnemanuel.com
    Margret M. Caruso (Bar No. 243473)
3    margretcaruso@quinnemanuel.com
    Bobbie Eftekar (Bar No. 240102)
4    bobbieeftekar@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
5  Redwood Shores, California 94065-2139
   Telephone:    (650) 801-5000
6  Facsimile:    (650) 801-5100

7    Stacy M. Monahan (Bar No. 218942)
    stacymonahan@quinnemanuel.com
8  50 California Street, 22nd Floor
   San Francisco, California 94111
9  Telephone:    (415) 875-6600
   Facsimile:    (415) 875-6700

10

   Attorneys for NexTag, Inc.
11
                    UNITED STATES DISTRICT COURT
12
                  NORTHERN DISTRICT OF CALIFORNIA
13
                      SAN FRANCISCO DIVISION
14

15  Louis Vuitton Malletier S.A.,          CASE NO. 3:07 -cv-03763-MMC (JCS)

16              Plaintiff,
                                           DECLARATION OF STACY M.
17       vs.                               MONAHAN IN SUPPORT OF NEXTAG,
                                           INC.'S UNOPPOSED MOTION TO
18  NexTag, Inc.,                          SHORTEN TIME TO HEAR NEXTAG
                                           INC.'S MOTION TO COMPEL
19              Defendants.                DEPOSITION OF LOUIS VUITTON
                                           MALLETIER S.A.

20
                                           Hearing Date: April 29, 2008
21                                         Time:         TBD
                                           Place:        TBD
22
                                           Discovery Cut-Off:    July 23, 2008
23                                         Pre-Trial Conference: February 3, 2009
                                           Trial Date:           February 17, 2009
24

25

26

27

28

51266/2469304.1

Case No. 3:07 -cv-03763-MMC
Declaration of Stacy M. Monahan in Support of NexTag Inc.'s Unopposed Motion to Shorten Time

1  I, Stacy M. Monahan, declare as follows:

2      1.      I am an associate in the law firm of Quinn Emanuel Urquhart Oliver &
3  Hedges, LLP, counsel for defendant NexTag, Inc. ("NexTag") in the above-captioned action. I
4  make this declaration in support of NexTag, Inc.'s Unopposed Motion to Shorten Time to Hear
5  NexTag Inc.'s Motion to Compel Deposition of Louis Vuitton Mallieter S.A. The statements in
6  this declaration are based upon my personal knowledge, and if called as a witness I could testify
7  competently thereto.

8      2.      NexTag served its notice for deposition of Louis Vuitton Malletier S.A.
9  ("Louis Vuitton") under Federal Rule of Civil Procedure 30(b)(6) on February 19, 2008. NexTag
10  properly noticed that deposition to take place in California, in the forum in which Louis Vuitton
11  filed suit, and where NexTag, NexTag's counsel, and Louis Vuitton's counsel are located.
12  According to the Louis Vuitton web site, www.louisvuitton.com, Louis Vuitton operates five
13  stores in the Northern District of California alone, and 19 stores throughout California.

14      3.      On February 27, 2008 Margret Caruso and I discussed the deposition of
15  Louis Vuitton's 30(b)(6) witnesses with J. Andrew Coombs, counsel for Louis Vuitton. Mr.
16  Coombs took the position that a flight to California was an inconvenience to Louis Vuitton and
17  proposed that the deposition of its 30(b)(6) witnesses take place in New York.

18      4.      In compliance with Civil L.R. 37-1(a), counsel for Louis Vuitton and
19  NexTag have met and conferred regarding the location of the deposition on multiple occasions
20  throughout March and April. On April 10, 2008, NexTag informed Louis Vuitton that it was
21  willing to conduct the depositions in New York at Louis Vuitton's sole expense. On April 11,
22  Louis Vuitton refused. On April 14, NexTag again contacted Louis Vuitton prior to filing its
23  motion to compel deposition of Louis Vuitton's witnesses in California.

24      5.      Per Civil L.R. 7-2, the earliest date on which the motion to compel can be
25  scheduled is May 20, 2008, assuming that the magistrate judge assigned to hear the motion is
26  available on that date. The parties have scheduled mediation on June 4, 2008 before Magistrate
27  Judge Joseph C. Spero. The parties' mediation submissions are due May 21, 2008. Per the
28  Court's Scheduling Order, all non-expert discovery must close by July 23, 2008.

6.      Because of the scheduled deadline for the parties' mediation submissions, NexTag will be substantially harmed and prejudiced in its defense if its motion to shorten time is not granted. NexTag will be unable to use any of the information from Louis Vuitton's depositions in mediation. NexTag will also be substantially harmed and prejudiced in its defense because all non-expert discovery closes July 23, 2008. If the motion to compel is not heard until the week of May 20, the depositions will not commence until early June. NexTag will have only a few weeks to analyze the Louis Vuitton transcripts, determine what additional discovery it needs based on the depositions, and obtain that information. Such a delay would materially harm NexTag's ability to prepare its defense for summary judgment and trial.

7.      On April 14, 2008, I called J. Andrew Coombs, counsel for Louis Vuitton, to ask him to stipulate to the time change requested in this motion. Mr. Coombs agreed to a shortened schedule for the Motion to Compel and stated that he does not oppose the motion to shorten time. Because Mr. Coombs will be traveling after April 30 and unavailable to attend a hearing, he requested that the hearing for the Motion to Compel be scheduled between April 28 and April 30, 2008.

8.      Only one previous time modification has occurred in this case. On March 12, 2008, the parties stipulated to extend the April 3, 2008 deadline to complete the Alterative Dispute Resolution process to June 19, 2008, in order to allow the parties to resolve their discovery disputes prior to mediation.

9.      The time modification requested by NexTag would have no effect on the schedule for the case. However, if the Court chooses not to grant the motion to shorten time, NexTag will be forced to seek a postponement of the mediation currently scheduled for June 4, and may seek to extend the discovery deadline set by the Court.

1     I declare under penalty of perjury under the laws of the United States that the

2  foregoing is true and correct.  Executed this 14th day of April 2008, in San Francisco, California.

3

4

5     _____

6     Stacy M. Monahan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28