J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A P. C.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff
Louis Vuitton Malletier, S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)

| | |
|---|---|
| Louis Vuitton Malletier, S.A.,<br><br>               Plaintiff,<br><br>   v.<br><br>NexTag, Inc., et al.<br><br>              Defendants. | Case No.: C 07 3763 MMC<br><br>Hon. Magistrate Judge Wayne D. Brazil<br><br>OPPOSITION TO DEFENDANTS' MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF LOUIS VUITTON MALLETIER, S.A.<br><br>Date: April 30, 2008<br>Time: 1:30 p.m.<br>Dept: Courtroom 4, 3rd Floor |

## INTRODUCTION

Defendant has failed to meet its burden to overcome the presumption that a corporation should be deposed at its principal place of business. Though the presumption should apply, Plaintiff has offered several reasonable options to resolve this dispute, all of which have been summarily rejected by the Defendant.

Defendant should take the corporate deposition of Plaintiff Louis Vuitton Malletier, S.A. ("Plaintiff" or "Louis Vuitton") telephonically, or, if in person, 1) in France, Plaintiff's principal place of business, 2) in New York, Plaintiff's United States headquarters for intellectual property enforcement, or 3) in California, at Defendant's expense.

## STATEMENT OF THE FACTS

Defendant NexTag, Inc. ("Defendant") operates a variety of successful businesses designed to enhance revenue from sales over the Internet. Declaration of J. Andrew Coombs

("Coombs Decl.") at ¶ 2. Defendant has also indicated that insurance coverage is available. Coombs Decl., Ex. A.

Plaintiff's headquarters is in France. Id. at ¶ 3. Though Plaintiff has several retail stores throughout California, it does not oversee any Internet-related intellectual property enforcement efforts from California, nor does it have any corporate offices dedicated to the issues involved in this litigation in California. Id. Most importantly, Plaintiff has no designee pursuant to Fed.R.Civ.P. 30(b)(6) in California. Id. Plaintiff does have personnel in New York, however, who handle intellectual property enforcement issues. Id. United States counsel responsible for intellectual property, who is expected to attend the deposition, is based in New York. There would be far less travel time, expense and disruption involved for any deponent traveling from France to New York, than anywhere in California. Id.

Plaintiff identified its corporate witness in its Initial Disclosures which were served on Defendant's counsel on or about November 29, 2007. Coombs Decl at ¶ 3. The Parties have met and conferred on the deposition and have exchanged several letters, some of which discussed Plaintiff's alternatives to resolve the present dispute. Id. at ¶¶ 4-5. Plaintiff has offered and continues to offer that the deposition take place telephonically, in New York, or at Defendant's counsel's office but, if so, with out of pocket expenses reimbursed by Defendants. Id. at ¶ 4. Most recently, after this motion was filed, an unexpected development in another case required Plaintiff's presence in Southern California. As a result, Plaintiff offered to produce its representative in Los Angeles at Plaintiff's expense. This too was rejected. Id. at ¶ 5.

## ARGUMENT

### I. Defendant Fails to Rebut the Presumption that Plaintiff's Deposition is Properly Taken at the Plaintiff's Principal Place of Business: Paris, France.

According to settled case law, the deposition of Plaintiff is to be taken at its principal place of business – in Paris, France. See Thomas v. Int'l Business Machines, 48 F.3d 478, 483 (10th Cir. 1995); Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 628 (C.D. Cal. 2005) (citing Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2112 at 84-85 (1994 rev.).

Courts have found exceptions to this presumption, but none of those exceptions are applicable here.

Given the relative inconvenience to Defendant and most importantly in light of the multiple alternatives proposed by Plaintiff, the deposition of Plaintiff's corporate designee should take place either telephonically – as the most cost effective choice for all involved, in France – applying the presumption, or as alternatives, in New York – where all Parties conduct business, or at Defendant's counsel's office at Defendant's expense.

    a) <u>Louis Vuitton Should Not Be Required to Appear for Deposition in California Simply Because It Brought the Lawsuit in the Only Place in Which the Lawsuit Could Be Filed.</u>

Louis Vuitton brought the lawsuit in the Northern District of California as it was the place of Defendant's domicile. Louis Vuitton should not have to bear the additional costs of already litigating in a foreign forum which was chosen solely because of Defendant's presence and the infringing conduct.[1] The global nature of the Internet is well documented. The corresponding scope of the counterfeiting challenge which a famous brand, such as Louis Vuitton, must combat is similarly well documented. To require Louis Vuitton to appear in connection with each piece of litigation in each jurisdiction where it is required to travel to enforce its famous rights only magnifies the harm caused by the rampant online infringement of its copyrights and trademarks. The choice of forum has benefited Defendant, and Plaintiff should not have to bear additional deposition costs in light of the presumption that its deposition should take place at its principal place of business. There is enough burden imposed upon Louis

---

[1] As Defendant pointed out, a Northern District ruling required the corporate Plaintiff in an insurance dispute to be deposed in the forum as Plaintiff had issued the policies in the forum which were directly related to the case and such appearance was foreseeable based upon the issuance of the policies. The court specifically noted that "while Plaintiffs may not have chosen the forum, Plaintiffs did choose to issue insurance policies to CSAC, a group made up entirely of governmental entities within California, and there should have envisioned that venue for any litigation they might initiate concerning the policy would likely be in California." <u>Lexington Insurance Co., et al. v. Commonwealth Insurance Co. et al.</u>, 1999 U.S. Dist. LEXIS 23428, *30 (N.D. Cal. September 17, 1999). In this case, the litigation involves illegal conduct over which Plaintiff had no control, leaving Plaintiff no choice as to where to file its lawsuit. Thus, the reasoning in <u>Lexington</u> is distinguishable.

Vuitton to litigate in a foreign district, including appearances required for other Court mandated proceedings, including (and up to) trial that to require it to bear the full burden for appearance for deposition on these facts is inappropriate.

      b)  <u>The Equities Do Not Warrant Ordering Plaintiff to California for Deposition.</u>

Defendant runs a successful, global Internet business. While Defendant, in its Motion to Compel, points out its expenses to travel to New York to take Plaintiff's deposition and claims to be a smaller company compared to Plaintiff, Defendant has made no clear assertion that its business is not successful or that it would not be able to cover the costs associated with taking a deposition in New York. Further, insurance may be in play, and Defendant will likely be looking to the insurance to assist in the costs associated with this litigation.

Requiring Louis Vuitton, on the other hand, to travel from Paris, France, to Northern California, would be a much more significant burden on Plaintiff – both in terms of costs and inconvenience. Further, to require Louis Vuitton to appear in connection with each piece of litigation in each jurisdiction where it is required to travel to enforce its famous rights only magnifies the harm caused by the rampant online infringement of its copyrights and trademarks. There is enough burden imposed upon Louis Vuitton to litigate in a foreign district, one which benefits the Defendant, including appearances required for other Court mandated proceedings, including (and up to) trial that to require it to bear the full burden for appearance for deposition on these facts is inappropriate.

  **II.**    **<u>The Alternatives Proposed By Plaintiff During the Meet and Confer Process Adequately Address the Factors which Might Otherwise Overcome the Presumption for Taking the Deposition in France.</u>**

      a)  <u>Telephonic Deposition.</u>

This alternative is the most cost effective choice and would allow all Parties to participate in locations most convenient to them. The timing of the deposition could also be set as to best accommodate Defendant's counsel and any possible disputes that may arise which would require Court intervention.

b) New York.

Defendant has not shown adequate proof that it cannot afford to send its attorneys to New York in order to conduct the deposition of Plaintiff. Some United States enforcement efforts are administered from New York and United States counsel is based in New York, both of which make a New York venue substantially more convenient for the Plaintiff and, clearly, more convenient for Defendant than Paris. Given the presumption mandating that the deposition take place in France, New York, a location where Plaintiff has corporate offices, appears to be a fair compromise.

c) At Plaintiff's Counsel's Office in Southern California.

In the interests of compromise, Plaintiff proposed to produce its designee for deposition at the office of Plaintiff's counsel in Southern California during the week of April 21, 2008. Defendant refused this offer, insisting that the only acceptable option was for Plaintiff to be deposed in Northern California solely at Plaintiff's expense. Given that this matter is set for hearing on April 30, 2008, this alternative will be moot by the time the judge hears argument.

d) At Defendant's Counsel's Office at Defendant's Expense.

Courts have found cause for the party requesting departure from the presumption to pay for some or all of the expenses of the deposition. Cadent Ltd. v. 3M Unitek Corporation, et al., 232 F.R.D. 625, 630 (C.D. Cal. 2005); Custom Form Manufacturing, Inc. v. Omron Corp., et al., 196 F.R.D. 333 (N.D. Ind. 2000) (defendant required to bear a portion of plaintiff's costs associated with bringing plaintiff's officer to forum for deposition). Though the determination is largely factual, this was presented as merely another option to assuage Defendant given that Plaintiff's witness will still have to take additional time for travel to California and will have additional inconveniences associated with time difference and relative location of other corporate offices. Defendant having rejected Plaintiff's offer to produce Plaintiff's designee in Southern California at Plaintiff's sole cost, it is even more reasonable to require Defendant to reimburse Plaintiff for its costs to return to California from France at some point in the future.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the corporate deposition of Plaintiff be conducted telephonically, or, if in person, 1) in France, Plaintiff's principal place of business, 2) in New York, an additional place of business for the corporate Defendants, or 3) in Northern California, at Defendant's cost.

DATED: April 22, 2008             J. Andrew Coombs, A Professional Corp.

                                  By: ___/s/ J. Andrew Coombs___
                                       J. Andrew Coombs
                                       Annie S. Wang
                                  Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

**DECLARATION OF J. ANDREW COOMBS**

I, J. ANDREW COOMBS, declare as follows:

1.  I am an attorney at law, duly admitted to practice before the Courts of the State of California and the United States District Court for the Northern District of California. I am an attorney for Plaintiff Louis Vuitton Malletier, S.A. ("Plaintiff" or "Louis Vuitton") in an action styled Louis Vuitton Malletier, S.A. v. NexTag, Inc., et al. I make this Declaration in support of Plaintiff's Opposition to Defendants' Motion to Compel the Deposition of Plaintiff Louis Vuitton Malletier, S.A. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2.  Defendant NexTag, Inc. ("Defendant") operates a variety of successful businesses designed to enhance revenue from sales over the Internet. Defendant has indicated that insurance coverage is available in its Initial Disclosures dated November 29, 2007, a copy of which is attached hereto as Exhibit A.

3.  I am informed and believe that, although Louis Vuitton has stores throughout California, no corporate functions, specifically including intellectual property enforcement and, more specifically, Internet-related intellectual property enforcement efforts are managed from California. Instead, the Plaintiff's corporate head office is located in France. The Plaintiff's designee pursuant to Fed.R.Civ.P. 30(b)(6) on issues identified by the Defendant is located at that office. Plaintiff identified this designee in its initial disclosures, which were served on Defendant on November 29, 2007. Offices located in New York also handle intellectual property enforcement issues though not Internet-related. United States intellectual property enforcement counsel is based at the New York office. I am informed and believe that said counsel will be involved in the deposition of Plaintiff's designee, and I expect him to attend the deposition of Plaintiff's designee in this case. There would be far less travel time, expense and disruption involved for any deponent traveling from France to New York, than anywhere in California. Plaintiff's designee was identified in Plaintiff's voluntary Rule 26 disclosures and is

a resident of France. His office is in France, and he is responsible for global Internet enforcement efforts for the Plaintiff. I have known Plaintiff's designee for several years, and I am unaware that he has visited California during that time.

4. On or about February 27, 2008, and continuing through April 14, 2008, the Parties discussed the issue of time and place of the depositions for Plaintiff's representative(s). In the meet and confer process, many letters were exchanged, some of which discussed the time and location of the deposition of Plaintiff's Rule 30(b)(6) deposition. In that correspondence, Plaintiff made several offers other than proceeding in Paris, France, including proceeding telephonically, proceeding in New York, or proceeding in California with Defendant splitting Plaintiff's costs, to resolve the dispute on where the deposition of the Plaintiff should take place.

5. During the week of April 14, 2008, Plaintiff had a series of conversations with Defendant regarding an additional alternative, offering to provide Plaintiff's representative(s) for deposition during the week of April 21, 2008, in Southern California at Plaintiff's sole cost. Defendant declined this offer, insisting that Plaintiff produce its representative(s) for deposition in Northern California with Defendant covering one half of the travel expenses from Los Angeles to San Francisco. Plaintiff declined this offer, proposing that the costs between Paris and San Francisco be split, or to take the deposition in Los Angeles. Defendant rejected these alternatives.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

Executed this 22nd day of April, 2008, at Glendale, California.

_____
J. ANDREW COOMBS

**Exhibit A**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
 Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
 Margret M. Caruso (Bar No. 243473)
  margretcaruso@quinnemanuel.com
 Bobbie Eftekar (Bar No. 240102)
  bobbieeftekar@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

Attorneys for NexTag, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Louis Vuitton Malletier S.A.,<br><br>   Plaintiff,<br><br>   vs.<br><br>NexTag, Inc.,<br><br>   Defendant. | CASE NO. 3:07-cv-03763-MMC<br><br>**DEFENDANT NEXTAG, INC.'S**<br>**INITIAL DISCLOSURES** |

Pursuant to Fed. R. Civ. Proc. 26(a), defendant NexTag, Inc. ("NexTag"), makes the following disclosures. For ease of reference throughout this document, the term "Louis Vuitton Merchandise" shall be defined as any merchandise listed on the NexTag website as offered for sale by a third party that contains the phrase "Louis Vuitton," "Vuitton," or "LV" in the name, including those products identified as a replica, copy, etc.

**WITNESSES**

Pursuant to Rule 26(a)(1), NexTag currently believes that the individuals listed below are likely to have discoverable information that NexTag may use to support its claims in this action. All of these individuals are NexTag employees who may be contacted only through NexTag's counsel.

///

///

| Witness | General Subject Matter |
|---|---|
| David Berger | Operations of NexTag's product shopping site; NexTag's actions in response to Louis Vuitton's allegations; listings of Louis Vuitton Merchandise and other merchandise. |
| Mark Bradley | Operations and marketing of NexTag's product shopping site and related databases; NexTag's sales; NexTag's actions in response to Louis Vuitton's allegations; listings of Louis Vuitton Merchandise and other merchandise. |
| Sheryl Hawk | NexTag's sales; NexTag's communications with merchants; NexTag's actions in response to Louis Vuitton's allegations; listings of Louis Vuitton Merchandise and other merchandise. |
| Claire Hough | Operations of NexTag's product shopping site; NexTag's actions in response to Louis Vuitton's allegations; listings of Louis Vuitton Merchandise and other merchandise. |
| Stephen Imbler | Communications with Louis Vuitton; investigation of Louis Vuitton's allegations; NexTag's actions in response to Louis Vuitton's allegations; NexTag's general history, practices, philosophies, and policies; NexTag's accounting and finances; listings of Louis Vuitton Merchandise. |

## DOCUMENTS

Pursuant to Rule 26(a)(2), NexTag currently believes that the following categories of documents in its possession, custody or control may be used to support NexTag's claims in this action.

1. Certain documents and data reflecting NexTag's efforts to remove listings of certain Louis Vuitton Merchandise.
2. Certain documents and data reflecting NexTag's efforts to block purchases of certain keywords.
3. Certain contracts with merchants who list products on NexTag's website.
4. Certain documents and data reflecting products listed on NexTag's website.
5. Certain documents and data concerning and reflecting the value of listings displayed on NexTag's website.

1      6. Certain documents reflecting communications with merchants regarding the
2  listing of products on NexTag's website.

3  **INSURANCE**

4      NexTag will make available for inspection and copying, as provided in Rule 34, a
5  copy of the agreement under which its insurance carrier may possibly be liable to satisfy part of a
6  judgment which may be entered in this action or reimburse NexTag for payments made to satisfy
7  such a judgment.

8  DATED: November 30, 2007    QUINN EMANUEL URQUHART OLIVER &
    HEDGES, LLP

10     By /s/ Margret M. Caruso
11     Margret M. Caruso
    Attorneys for NexTag, Inc.

# PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 E. Wilson Ave., Suite 202, Glendale, California 91206.

On April 22, 2008, I served on the interested parties in this action with the:

- OPPOSITION TO DEFENDANTS' MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF LOUIS VUITTON MALLETIER, S.A.

for the following civil action:

<u>Louis Vuitton Malletier S.A. v. NexTag, Inc., et al.</u>

by placing a true copy thereof in an envelope to be immediately sealed thereafter. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Claude M. Stern, Esq.<br>Margret M. Caruso. Esq.<br>Bobbie Eftekar, Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges LLP<br>555 Twin Dolphin Drive, Suite 580<br>Redwood Shores, California 94065 | |

Place of Mailing: Glendale, California.
Executed on April 22, 2008, at Glendale, California.

_____
Katrina Bartolome