QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Margret M. Caruso (Bar No. 243473)
  margretcaruso@quinnemanuel.com
  Bobbie Eftekar (Bar No. 240102)
  bobbieeftekar@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

  Stacy M. Monahan (Bar No. 218942)
  stacymonahan@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for NexTag, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Louis Vuitton Malletier S.A.,<br><br>             Plaintiff,<br><br>    vs.<br><br>NexTag, Inc.,<br><br>             Defendants. | CASE NO. 3:07 -cv-03763-MMC (WDB)<br><br>NEXTAG, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF LOUIS VUITTON MALLETIER S.A.<br><br>[Declarations of Stacy Monahan and Todd Murtha filed concurrently herewith]<br><br>Hearing Date: April 30, 2008<br>Time:         1:30 p.m.<br>Place:        Courtroom 4, 3rd Floor<br><br>Discovery Cut-Off:    July 23, 2008<br>Pre-Trial Conference: February 3, 2009<br>Trial Date:           February 17, 2009 |

## Preliminary Statement

Louis Vuitton's Opposition ignores the settled legal presumption that a corporate plaintiff must be deposed in the forum in which it filed suit, barring proof of hardship.  Tellingly, Louis Vuitton has submitted no affidavit of hardship.  It cannot, as Louis Vuitton has filed eight actions in the Northern District of California alone since 1990; it has a flagship store in San Francisco; and it operates 14 stores throughout California and a manufacturing center.  Louis Vuitton's substantial presence in San Francisco and California overall belies any argument that it does not conduct regular business in California.  For these reasons alone, Louis Vuitton should pay its full expenses in coming to the Northern District of California to be deposed.

The circumstances surrounding NexTag's motion provide even more reasons to grant it.  Louis Vuitton has tried to distract this court with hollow offers of "compromise," including one involving an "unexpected development" in another case requiring the presence of its witness, Nikolay Livadkin, in California this week.  Opp. at 2:17-20.  Mr. Livadkin is responsible for Louis Vuitton's global internet enforcement efforts.  What Louis Vuitton failed to explain is that last week another judge in the Northern District of California ordered Mr. Livadkin to be deposed in California.  Louis Vuitton's eleventh-hour "compromise" of producing Mr. Livadkin on a single designated day this week in Los Angeles, following his deposition in the other case, was made in the hopes of getting NexTag to pay for Louis Vuitton's court-ordered witness travel costs for this unrelated deposition.  Although in the hopes of mooting this motion, NexTag offered to split the witness's costs related to the deposition in this action – *i.e.*, the reasonable cost of the flight between Los Angeles, where the witness would be anyway, and San Francisco – Louis Vuitton rejected this offer.  Louis Vuitton's refusal further justifies this Court following precedent and requiring Louis Vuitton to present its witness in this jurisdiction at its own expense.

## Relevant Facts

Louis Vuitton does not contest that it has stores in the jurisdiction and throughout California.  Nor can it dispute that its representative responsible for its global Internet enforcement efforts was in California this week in connection with his stated job purpose of enforcing Louis Vuitton's intellectual property rights worldwide.  Nor does Louis Vuitton offer a declaration from

the witness or any other company employee evidencing any hardship in traveling to this jurisdiction.

Since NexTag's moving memorandum was filed, Louis Vuitton has been less than forthcoming in describing its "compromise" offer to produce Mr. Livadkin in Southern California. Declaration of Stacy Monahan filed in support of Reply in Support of Motion to Compel 30(b)(6) Deposition of Louis Vuitton ("Monahan Decl.") ¶¶ 2-11. That offer, prompted by a Northern District of California judge ordering Louis Vuitton on April 15 to produce Nikolay Livadkin for deposition in California in another matter, was contingent upon NexTag paying half of the witness's cost from Paris to California, even though the Mr. Livadkin's presence was independently required in the other matter. Monahan Decl., ¶¶ 3, 11; Ex. A.[1] NexTag viewed the proposal of a southern California deposition as unacceptable, given the controlling legal presumption that a plaintiff must present itself for deposition in the forum in which it filed suit at its own cost. Monahan Decl., ¶ 5. Given the witness's proximity and recognizing the efficiencies of not having to pursue its motion to compel, NexTag offered to split the reasonable costs of the witness's airfare between Los Angeles and San Francisco – *i.e.* the travel costs incurred as a result of NexTag's deposition of Louis Vuitton. Monahan Decl. ¶ 6, Exs. C, D. Louis Vuitton refused.[2]

In addition to the logistical problems of location and payment of the proposed April 25 deposition, it soon became apparent to NexTag that a deposition on April 25 would be incomplete given the deficiencies of Louis Vuitton's document production, produced on the evening of April 17. Monahan Decl., ¶ 9, Ex. E. NexTag informed Louis Vuitton that while it continued to hope that Louis Vuitton would accept its offer of compromise, the deposition could not occur that week unless Louis Vuitton agreed to continue the incomplete deposition on a later date when all

---

[1] It was not until last Thursday that Mr. Coombs amended his offer to require NexTag to pay half the cost of the travel *from Paris* only if the deposition were held in the Northern District of California. Monahan Decl., Ex. C.

[2] Ignoring NexTag's offer to split the costs of travel between Los Angeles and San Francisco, the Opposition incorrectly states that "Defendant refused [Louis Vuitton's] offer, insisting that the only acceptable option was for Plaintiff to be deposed in Northern California solely at Plaintiff's expense." Opp at. 5:9-15.

1  requested documents were available to NexTag. *Id*. Louis Vuitton refused. Monahan Decl. ¶ 10,
2  Ex. F.
3      Rather than submit a declaration by Mr. Livadkin or anyone else at Louis Vuitton to
4  support its protestations that a flight to California would be a hardship, Louis Vuitton relies solely
5  on the declaration of its counsel, Mr. Coombs. His declaration states, "I have known Plaintiff's
6  designee for several years, and I am unaware that he has visited California during that time."
7  Coombs Decl. at 8:2-3. Mr. Coombs signed his declaration on April 22, and Mr. Livadkin was
8  deposed in southern California all day on April 23. Monahan Decl., ¶ 11.[3]

### Argument

10  Louis Vuitton ignores the settled federal law governing the deposition of corporate
11  plaintiffs, and erroneously invokes the mantra that "a corporation should be deposed at its
12  principal place of business." Opp. at 1:17-19. Such a presumption applies solely to *defendant*
13  corporations, not plaintiff corporations, which are governed instead by the rule that they are
14  "required to make [themselves] available for examination in the district in which suit was
15  brought.'" *Lexington Ins. Co. v. Commonwealth Ins. Co.*, Case No. C98-3477 CRB (JCS), 1999
16  WL 33292943, *8-9 (N.D. Cal. September 17, 1999) (citing *Wright & Miller, Federal Practice &*
17  *Procedure*, § 2112 at 75). This has been settled law in the Northern District of California for over
18  a decade, which Louis Vuitton does not dispute in its Opposition. *See Jack v. Trans World*
19  *Airlines, Inc.*, Case No. C 92-3787 BAC, 1994 WL 90107 (N.D. Cal. 1994). In *Jack*, the court
20  required plaintiffs in Europe and Israel to travel to San Francisco for deposition at their own

---

[3] Moreover, according to Mr. Coomb's declaration, Nikolay Livadkin "is responsible for global Internet enforcement efforts" for Louis Vuitton. Coombs Dec. at 8:1-3. Louis Vuitton has filed eight actions in the Northern District of California since 1990, and three Internet-related trademark actions in the past two years alone. Monahan Decl., ¶ 12. It also filed six Internet-related trademark cases in the Central District of California since 2006, and one in the Eastern District of California. *Id*. It has filed at least ten Internet-related enforcement actions in California in the past two years. These "global Internet enforcement" efforts demonstrate Mr. Livadkin's conduct of business in California, as does their manufacturing center in California. *See Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 2008 WL 1766758 at *1 (N.D. Cal. April 15, 2008) (discussing Louis Vuitton manufacturing center in San Dimas, California).

expense. *Id*. The court explained that it understood that international travel was expensive, and thus any depositions must be noticed at least 30 days in advance so that the deponent could purchase discounted airfare. However, because the plaintiffs knowingly brought suit in San Francisco, it was only fitting that the plaintiffs pay the full cost of their related travel expenses. *Id.* at *1.

This rule is applied uniformly in federal courts nationwide. *See U.S. v. Alan Ritchey, Inc.*, Case No. C00-2191 TSZ, 2008 WL 859458 (W.D. Wash. Feb. 27, 2008); *Collins v. Jackson County*, Case No. Civ. 02-3054-CO, 2004 WL 1228321 (D. Or. 2004) (plaintiff must be deposed in Oregon because she chose to file suit there, and must pay her travel as well as defendants' fees and costs related to the motion to compel); *Renfro v. Spartan Computer Services, Inc.*, Case No. 07-2050-CM, 2008 WL 650338 at *3 (D. Kan. Mar. 6, 2008) (plaintiff must appear in forum for its deposition at its own expense barring evidence of particular hardship); *Baker v. Sizzling Platter, Inc.*, Case No. 2:06-cv-1045, 2007 WL 4302926 (D. Utah, Dec. 6, 2007) (imposing sanctions on plaintiff in part for refusal to be deposed in forum in which she filed suit); *Luna v. Del Monte Fresh Produce (Southeast), Inc.*, Case 1:06-CV-2000-JEC, 2007 WL 1500269 (N.D. Ga. May 18, 2007) (permitting Mexican plaintiffs to be deposed in Mexico instead of U.S. because of their difficulty getting visas, but requiring plaintiffs to pay all travel costs for defendants because the plaintiff should have to bear all cost associated with its deposition); *Memory Film Productions v. Makara*, Case No. 05-CV-3735 (BMC), 2007 WL 1385740 (E.D.N.Y. May 9, 2007) (refusing plaintiff's request to conduct its deposition telephonically because of the widely known presumption that a plaintiff must be deposed in the forum in which it chose to file suit absent compelling hardship); *McGinley v. Barratta*, Case No. 06-510, 2006 WL 2346301 (E.D. Pa. Aug. 11, 2006) (requiring plaintiffs to be deposed in forum in which they filed for failure to show hardship or inconvenience beyond what the defense would bear in conducting the deposition at the plaintiffs' requested location); *Woods v. Wills*, Case No. 1:03-CV-105 CAS, 2005 WL 5989795 at *4 (E.D. Mo. May 6, 2005) ("The normal presumption is that a defendant may take a plaintiff's deposition where the suit was filed, and that a plaintiff may take a defendant's deposition where the defendant resides."); *In re SciMed Life Securities Litigation*, Civ.

No. 3-91-575, 1992 WL 413867 (D. Minn. Nov. 20, 1992) (requiring plaintiff to appear in forum and pay travel costs related to its deposition because they demonstrated no "extreme" hardship preventing their appearance).

Despite the legal presumption that Louis Vuitton must be deposed in the Northern District of California,[4] demonstrated by a court decision just last week, Louis Vuitton continues to attempt to shift the burden of proving hardship onto NexTag. To distract from this untenable legal position, Louis Vuitton touts a series of unworkable "compromises," each of which is without substantive merit:

- <u>Telephonic deposition</u>. Telephonic depositions are impractical when witnesses need to review documents. *See Willis v. Mullins*, Case No. CV F 04 6542 AWI LJO, 2006 WL 894922 (E.D. Cal., April 4, 2006) (because plaintiff chose to file suit in California, and because documents need to be reviewed in deposition, a telephonic deposition is insufficient and plaintiff must come to California for deposition); *U.S. v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 629-630 (S.D. Cal. 2001) (international plaintiffs must present themselves in California for deposition because documents cannot be gathered, reviewed and authenticated telephonically). Once Louis Vuitton supplements its document production, NexTag intends to review a number of relevant documents with Mr. Livadkin. Louis Vuitton must also produce examples of legitimate Louis Vuitton handbags and the counterfeit bags allegedly listed by NexTag, so that Louis Vuitton can demonstrate how NexTag is expected to discern the difference. These bags simply cannot be simultaneously examined by NexTag's counsel in one location and by the witness in another.

---

[4] Louis Vuitton claims that the legal presumption does not apply to it as it filed suit in the Northern District of California because of NexTag's location, and that it has not chosen to do business in California. Opp., n.1. However, the fact that Louis Vuitton has 14 stores throughout California, has filed three Internet-related trademark lawsuits in the Northern District of California in less than two years, and seven others throughout California in the same timeframe, demonstrates that Louis Vuitton does in fact choose to do business in California and to avail itself regularly of the federal litigation system in this jurisdiction.

- <u>Deposition in New York.</u>  As discussed above, the burden is on Louis Vuitton to demonstrate compelling hardship to excuse its failure to appear in the forum in which it filed suit.  There is no legal relevance to why NexTag is unwilling to travel across the country – or anywhere else – for the deposition if Louis Vuitton has failed to prove what hardship prevents it from appearing in California.   Having submitted no declaration alleging hardship, Louis Vuitton has not met this burden.

  Moreover, New York as a deposition location simply does not make sense.  Louis Vuitton's witness is located in Paris, and will therefore have to take on travel costs and inconvenience whether the deposition is in New York or California.  Counsel for both parties is located in California.  NexTag is located in California and has no offices in New York.  Declaration of Todd Murtha in support of Reply in support of Motion to Compel Deposition of Louis Vuitton ("Murtha Decl."), ¶¶ 2-6.  Further, NexTag's representative, who wishes to attend the deposition, is, like NexTag and all counsel in this matter, in California.  Holding the deposition in New York will not save Louis Vuitton money or inconvenience either, as the difference between the cost of a flight from Paris to New York and the cost of a flight from Paris to California does not offset the costs of both (or indeed either party) paying for airfare and hotels for their respective counsel.  In addition, a hotel room must be obtained for the witness in either location.

- <u>Deposition in Southern California.</u>  Because of the deficiencies in Louis Vuitton's document production, Louis Vuitton's refusal to agree to make Mr. Livadkin available later to complete the deposition, and the legally unwarranted burden on NexTag of flying its counsel to southern California for a deposition on a week's notice, the April 25 deposition was not a viable offer, much less a "compromise."  While it is true that Louis Vuitton's counsel is based in southern California, NexTag should not be made to bear the cost of Louis Vuitton's decision to retain counsel in a different jurisdiction from that in which it filed suit.

Just last week, in another action, Magistrate Judge Howard Lloyd rejected similar

"compromises" by Louis Vuitton (including a telephonic deposition, a New York deposition, or California deposition at defendants' expense) and ordered its witness to come to California. *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 2008 WL 1766758 at *1 (N.D. Cal. April 15, 2008). Unlike NexTag, however, defendants in *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.* did not explain to the court that Louis Vuitton's arguments about the deposition of corporate entities applied only to corporate defendants, not corporate plaintiffs. Monahan Decl., Ex.G. Notwithstanding the lack of citations by either party to the different legal standard applied to plaintiff corporations, the *Akanoc Solutions* court still held that Louis Vuitton must come to California.[5]

Given the presumption that a plaintiff corporation must be deposed in the forum in which it filed suit, the clear balance of convenience requiring a California deposition as found by the *Akanoc Solutions* court, and Louis Vuitton's attempts evade its responsibility for paying for the California deposition as ordered by the *Akanoc Solutions* court, Louis Vuitton should be required to produce its witness in this jurisdiction, at the offices of NexTag's counsel, at Louis Vuitton's sole expense.

---

[5] Relying on the authority before it, however, that court required Louis Vuitton to pay half the costs, based solely on the balance of convenience among the parties. *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,* 2008 WL 1766758 at *1. For the reasons discussed herein and in NexTag's opening memorandum, such a division of costs is inappropriate here.

### Conclusion

Louis Vuitton cited no authority that undermines the central legal premise of NexTag's motion: corporate plaintiffs are deposed in the forum in which they filed suit. Nor has it provided any evidence of hardship preventing its deposition in that forum. Instead, Louis Vuitton has misrepresented the legal and factual underpinnings of this motion while simultaneously attempting to avoid compliance with another court order. NexTag therefore respectfully requests that its motion be granted in its entirety.

DATED: April 25, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/Margret M. Caruso
Margret M. Caruso
Attorneys for NexTag, Inc.