1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Claude M. Stern (Bar No. 96737)
2  claudestern@quinnemanuel.com
   Margret M. Caruso (Bar No. 243473)
3  margretcaruso@quinnemanuel.com
   Bobbie Eftekar (Bar No. 240102)
4  bobbieeftekar@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
5  Redwood Shores, California  94065-2139
   Telephone:     (650) 801-5000
6  Facsimile:      (650) 801-5100

7  Stacy M. Monahan (Bar No. 218942)
   stacymonahan@quinnemanuel.com
8  50  California Street, 22nd Floor
   San Francisco, California  94111
9  Telephone:     (415) 875-6600
   Facsimile:      (415) 875-6700

10
   Attorneys for NexTag, Inc.
11
                    UNITED STATES DISTRICT COURT
12
                  NORTHERN DISTRICT OF CALIFORNIA
13
                      SAN FRANCISCO DIVISION
14

15 | Louis Vuitton Malletier S.A.,          | CASE NO. 3:07-cv-03763-MMC (WDB)

16           Plaintiff,                      | DECLARATION OF STACY M.
                                             | MONAHAN IN SUPPORT OF NEXTAG,
17      vs.                                  | INC.'S REPLY IN SUPPORT OF ITS
                                             | MOTION TO COMPEL DEPOSITION OF
18 | NexTag, Inc.,                           | LOUIS VUITTON MALLETIER S.A.

19           Defendants.

20                                           Hearing Date:  April 30, 2008
                                             Time:           1:30 p.m.
21                                           Place:          Courtroom 4, 3rd Floor

22                                           Discovery Cut-Off:    July 23, 2008
                                             Pre-Trial Conference: February 3, 2009
23                                           Trial Date:           February 17, 2009

24

25

26

27

28

1    I, Stacy M. Monahan, declare as follows:

2          1.     I am an associate in the law firm of Quinn Emanuel Urquhart Oliver &

3 Hedges, LLP, counsel for defendant NexTag, Inc. ("NexTag") in the above-captioned action. I

4 make this declaration in support of NexTag, Inc.'s Reply in Support of NexTag Inc.'s Motion to

5 Compel Deposition of Louis Vuitton Mallieter S.A. The statements in this declaration are based

6 upon my personal knowledge, and if called as a witness I could testify competently thereto.

7          2.     On April 14, 2008, I spoke with Louis Vuitton Malletier S.A.'s ("Louis

8 Vuitton") counsel, J. Andrew Coombs. I stated that because of our inability to reach an agreement

9 on the location of the deposition of Louis Vuitton's 30(b)(6) witness, NexTag would be filing a

10 motion to compel that deposition by the end of the day. Mr. Coombs said that NexTag should file

11 the motion to preserve its position, but that he believed he would have a proposal for NexTag later

12 in the week that would moot the motion. He would not elaborate on the facts surrounding his

13 predicted proposal.

14          3.     On April 16, 2008, my colleague, Margret Caruso, and I received an email

15 from Mr. Coombs. The email stated that "Louis Vuitton can make Nikolay Livadkin available for

16 deposition later this month should NexTag (i) withdraw its motion; (ii) pay ½ of the deponent's

17 out-of-pocket travel expenses and (iii) take the deposition in Southern California." A true and

18 correct copy of this email is attached as Exhibit A.

19          4.     Later on April 16, 2008 Margret Caruso and I received a second email from

20 Mr. Coombs. The email stated that Louis Vuitton wished to hold the deposition of its witness at

21 the "end of next week" in Los Angeles. A true and correct copy of this email is attached as

22 Exhibit B.

23          5.     On the afternoon of April 16, 2008 I told Mr. Coombs that his proposal was

24 unacceptable, given that the settled legal presumption was that the plaintiff must present itself for

25 deposition in the forum in which it filed suit. I also said that NexTag could not prepare for

26 deposition in just a week's time, especially as Louis Vuitton had not produced any documents in

27 the case.

28

1     6.     On the morning of April 17, 2008, I received a call from Mr. Coombs,

2  stating that Louis Vuitton was willing to conduct the deposition in Los Angeles at its sole expense

3  on April 25. He said for the first time that Nicolay Livadkin, Louis Vuitton's 30(b)(6) witness,

4  needed to be in southern California that week for other business. Mr. Coombs said that if we

5  wished to hold the deposition in the Northern District of California, NexTag would be expected to

6  pay half of the costs of the trip from Paris. Later that I day I called Mr. Coombs and told him that

7  his offer was unacceptable. I stated that, in the interest of resolving the issue, NexTag would be

8  willing to split the cost of Mr. Livadkin's reasonable airfare between Los Angeles and San

9  Francisco for deposition in the Northern District. This would result in NexTag paying half of all

10  travel costs related to its deposition of Louis Vuitton's witness.

11     7.     On April 17, I received a letter from Mr. Coombs. A true and correct copy

12  of this letter is attached as Exhibit C.

13     8.     On April 18, I responded to Mr. Coombs' letter. A true and correct copy of

14  this letter is attached as Exhibit D.

15     9.     On April 21, Margret Caruso wrote to Louis Vuitton to discuss deficiencies

16  in its document production and the effect of those deficiencies on the proposed April 25

17  deposition. She stated that a deposition on April 25 could only occur if Louis Vuitton would agree

18  to continue that deposition at a later date once all production deficiencies were cured. A true and

19  correct copy of this letter is attached as Exhibit E.

20     10.     On April 24 Louis Vuitton rejected NexTag's offer. A true and correct

21  copy of this letter is attached as Exhibit F.

22     11.     On April 23, I spoke with counsel for Akanoc Solutions, Inc., Jim Lowe and

23  Brian Edwards. Akanoc Solutions, Inc. is the defendant in a trademark case brought by Louis

24  Vuitton in the Northern District of California. Mr. Coombs also represents Louis Vuitton in that

25  matter. Mr. Lowe and Mr. Edwards stated that on April 15, Mr. Coombs had agreed to a

26  deposition of Mr. Livadkin on April 23. Jim Lowe said that he had deposed Mr. Livadkin that the

27  deposition had lasted all day.

28

Declaration of Stacy M. Monahan in Support of NexTag Inc.'s Reply

12.    As reflected on PACER, Akanoc Solutions, Inc. filed a motion to compel the deposition of Louis Vuitton in California on or around March 11, 2008. True and correct copies of Akanoc Solution's motion and reply brief as available from PACER are attached as Exhibit G.

13.    As listed on PACER, since 1990 Louis Vuitton has filed eight cases in the Northern District of California. Since 2006 Louis Vuitton has filed a total of ten trademark cases that appear to involve the Internet in federal courts in California. Mr. Coombs represented Louis Vuitton in the majority of those cases. In the Northern District of California, in addition to the instant case, Louis Vuitton has filed *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc. et al*, Case No. 5:07-cv-03952-JW, filed August 1, 2007; and *Louis Vuitton Malletier, S.A. v. Johnson*, Case No. 5:06-cv-01277-RMW, filed February 22, 2006. In the U.S. District Court of the Eastern District of California, Louis Vuitton filed *Louis Vuitton Malletier, S.A. v. Pierce et al*, Case No. 2:07-cv-02732-LEW-DAD, on December 18, 2007. In the Central District of California it has filed:  *Louis Vuitton Malletier S A v. Goorin Bros Inc et al*, Case No. 2:06-cv-06248-SJO-FFM, filed September 29, 2006*; Louis Vuitton Malletier SA v. Oversee.net et al*, Case No. 2:06-cv-01284-SGL-RZ, filed March 1, 2006; *Chanel Inc et al v. Marcos Barreto et al*, Case No. 2:06-cv-02768-SVW-RC, filed May 5, 2006; *Louis Vuitton Malletier et al v. Leonard B Fisch et al*, Case No. 2:06-cv-04325-PA-RZ, filed July 10, 2006; *Louis Vuitton Malletier SA v. Dotster Inc et al*, Case No. 2:06-cv-04571-PA-JC, filed July 21, 2006; *Louis Vuitton Malletier SA v. Ralphs Grocery Company* et al, Case No. 2:06-cv-06147-FMC-VBK, filed September 26, 2006.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 25th day of April 2008, in San Francisco, California.

_____

Stacy M. Monahan

-4-    Case No. 3:07 -cv-03763-MMC
Declaration of Stacy M. Monahan in Support of NexTag Inc.'s Reply