# EXHIBIT E

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5101**

WRITER'S INTERNET ADDRESS
**margretcaruso@quinnemanuel.com**

*Via electronic delivery and U.S. Mail*

April 21, 2008

J. Andrew Coombs, Esq.
Law Offices of J. Andrew Coombs
517 East Wilson Avenue, Suite 202
Glendale, CA 91206

Re:    *Louis Vuitton Malletier S.A. v. NexTag, Inc, et al,* Case No. CV 07-3763 MMC

Dear Andy:

I write on behalf of NexTag, Inc. ("NexTag") regarding your document production of April 17, and its impact on our ongoing deposition discussions, including NexTag's offer to pay half of the reasonable airfare from Los Angeles to San Francisco for a deposition on Friday.

NexTag's offer was based on Louis Vuitton's repeated representation that its document production was completely assembled and produced in its entirety. You and Nicole Drey have both made this representation to me and it was repeated most recently in your letter last Friday to my colleague, Stacy Monahan. However, the documents you produced on April 17 represent only a fraction of the documents that Louis Vuitton agreed to produce. Certain missing documents are required for NexTag's effective deposition of Louis Vuitton's 30(b)(6) witness, including the following:

- Documents relating to Louis Vuitton's efforts to determine whether any of the listings on NexTag's site were of counterfeit products;

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 100101 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

J. Andrew Coombs, Esq.
April 21, 2008
Page 2

- Corporate organizational charts for Louis Vuitton Malletier S.A., and any additional subsidiaries, parents, or related corporations involved in the creation, manufacture, distribution or policing of Louis Vuitton's intellectual property, as well as charts sufficient to explain the relationship between the corporations;

- Documents sufficient to demonstrate Louis Vuitton's gross and net profits each year from 2004 to 2008;

- Documents sufficient to demonstrate Louis Vuitton's legal budget and the percentage of that budget dedicated to the protection and policing of its intellectual properties;

- All policies and procedures related to Louis Vuitton's protection and policing of its intellectual properties;

- All cease and desist letters Louis Vuitton has sent to, and all non-privileged documents related to litigation that Louis Vuitton has initiated against, Internet merchants who sell counterfeit Louis Vuitton goods and online auction houses or comparative listing sites that may reference such merchants.

In addition, we have not had the opportunity to inspect the authentic merchandise that you agreed to make available, but have not provided further details concerning the availability of. Likewise, we have not seen any physical evidence of the allegedly counterfeit products that were listed on NexTag's website.

Given these deficiencies, it does not make sense to begin the deposition this week (assuming Louis Vuitton accepts NexTag's offer) unless Louis Vuitton agrees to continue the deposition, with it paying *all* costs for the witness to appear in our Redwood Shores office, after the complete production of Louis Vuitton's documents.

Please let me know by 5:00 p.m. tomorrow how Louis Vuitton would like to proceed.


Very truly yours,

Margret Caruso